UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

    Plaintiff,

  v.

SUSAN ILLSTON,

    Defendant.

Case No. 13-cv-02508-JST (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at California State Prison – Los Angeles County, has filed a pro se complaint against United States District Judge Susan Illston.[1] Plaintiff alleges that he had a prior civil rights action in this court assigned to United States District Judge Jeremy Fogel. Plaintiff further alleges that the action was reassigned Judge Illston in September 2011, after which time Judge Illston "began abusing her authority . . . by entering into ex-parte talks with defendants and their counsel." Finally, plaintiff alleges that Judge Illston "wrongfully ignored plaintiff's imminent danger pleas."

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff is granted leave to proceed in forma pauperis in a separate order.

1    The Court construes plaintiff's claims as arising under <u>Bivens v. Six Unknown Named
2    Agents</u>, 403 U.S. 388 (1971).  To state a private cause of action under <u>Bivens</u>, and its progeny, a
3    plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated,
4    and (2) that the alleged deprivation was committed by a federal actor.  <u>Van Strum v. Lawn</u>, 940
5    F.2d 406, 409 (9th Cir. 1991) (§ 1983 and <u>Bivens</u> actions are identical save for the replacement of
6    a state actor under § 1983 by a federal actor under <u>Bivens</u>).

7    The complaint must be dismissed.  A federal judge is absolutely immune from civil
8    liability for acts performed in his or her judicial capacity.  <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243
9    (9th Cir. 1996), <u>superceded by statute on other grounds as stated in</u> <u>Cobb v. JPMorgan Chase
10   Bank, N.A.</u>, 2012 WL 5335309 *3 (N.D. Cal.); <u>Mullis v. United States Bankruptcy Court</u>, 828
11   F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under <u>Bivens</u>).  This
12   immunity is not limited to immunity from damages, but extends to actions for declaratory,
13   injunctive and other equitable relief.  <u>Moore</u>, 96 F.3d at 1243.  This is because if a federal judge
14   violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has
15   provided carefully structured procedures for taking appeals and for petitioning for extraordinary
16   writs in Title 28 of the United States Code.  <u>Mullis</u>, 828 F.2d 1385, 1394.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED.  Leave to amend will not be granted as it would be futile.

The Clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

Plaintiff's motion for appointment of counsel, ECF No. 7, is denied as moot.

**IT IS SO ORDERED.**

Dated: November 3, 2013

_____
JON S. TIGAR
United States District Judge

2